The Honorable Ronald B. Leighton

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>　　　　　　Plaintiff,<br>　v.<br>MASON COUNTY FOREST PRODUCTS, LLC,<br>　　　　　　Defendant.<br><br>DEBORAH BERNTSEN and LORRIE HASKINS,<br>　　　　　　Plaintiffs-Intervenors,<br>　v.<br>MASON COUNTY FOREST PRODUCTS, LLC, and LONG BELL VENTURES, LLC<br>　　　　　　Defendants. | No. CV-09-5609 RBL<br><br>DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF-INTERVENORS' FIRS AMENDED COMPLAINT FOR DAMAGES |

Defendants, Mason County Forest Products, LLC, (hereinafter "MCFP" or "Defendant") and Long Bell Ventures LLC ("Long Bell or collectively with MCFP, "Defendants") answer Plaintiff-Intervenors' First Amended Complaint and alleges and as follows:

ANSWER

I.  NATURE OF THE ACTION

1. This paragraph states a legal conclusion, to which no response is required. To the extent factual allegations are stated, Defendants deny the same.

DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES TO
PLAINTIFF INTERVENORS' FIRST AMENDED COMPLAINT FOR
DAMAGES - 1
(C09-5609-RBL)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

2. This paragraph states a legal conclusion, to which no response is required. To the extent factual allegations are stated, Defendants deny the same.

## II. JURISDICTION, VENUE AND PARTIES

3. Defendants do not contest the jurisdictional allegations of this paragraph.

4. Defendants admit as to Plaintiff Intervenor Berntsen and denies as to Plaintiff Intervenor Haskins.

5. Defendants admit.

6. Defendants admit that the employment practices at issue occurred in this district without admission of the underlying factual allegations.

7. Defendants admit as to Plaintiff Intervenor Berntsen and denies as to Plaintiff Intervenor Haskins.

8. Defendants admit.

9. This paragraph states a legal conclusion, to which no response is required. To the extent actual allegations are stated, Defendants deny the same.

10. Defendants admit MCFP employed Plaintiff Intervenors in the Western District of Washington. The reference to the "requisite amount of time under the statute identified above" is incomprehensible and, therefore, Defendants deny this allegation.

11. Defendants deny for lack of knowledge.

12. This paragraph states a legal conclusion, to which no response is required. To the extent actual allegations are stated, Defendants deny the same.

## III. STATEMENT OF CLAIMS

13. Defendants deny.

14. Defendants deny.

15. Defendants deny.

16. Defendants deny.

17. Defendants deny.

18. Defendants deny.

DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES TO
PLAINTIFF INTERVENORS' FIRST AMENDED COMPLAINT FOR
DAMAGES - 2
(C09-5609-RBL)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

19. Defendants deny.

20. Defendants deny.

## GENERAL DENIAL

Any allegations or statements in Plaintiff-Intervenors' First Amended Complaint for Damages, including Plaintiff-Intervenors' Prayer for Relief, not expressly admitted are denied.

## AFFIRMATIVE DEFENSES

By way of further answer and without waiving any allegations previously denied, Defendant asserts the following affirmative defenses:

1. Damages, if any, were proximately caused by or contributed to by acts, omissions, breaches of contract and/or other legal duties of Debbie Berntsen and Lorrie Haskins.

2. Pending further discovery, the acts and alleged injuries, if any, may have been proximately caused by or contributed to by the acts, omissions, breaches of contract and/or other legal duties of third parties over whom Defendants had no control.

3. Without assuming any burden of proof not otherwise imposed by law, Debbie Berntsen and Lorrie Haskins were at-will employees.

4. Debbie Berntsen and Lorrie Haskins have failed to mitigate their alleged damages, if any.

5. Lorrie Haskins failed to exhaust her administrative remedies.

6. The conduct of Defendants was reasonable and undertaken in good faith.

7. To the extent Debbie Berntsen and Lorrie Haskins prove they were subjected to any unlawful harassment, it did not result in a tangible or adverse employment action.

8. Defendants exercised reasonable care to prevent and promptly correct any allegedly harassing behavior to which Debbie Berntsen and Lorrie Haskins were allegedly subjected.

9. Debbie Berntsen and Lorrie Haskins unreasonably failed to take advantage of preventive and corrective opportunities provided by Defendants, or otherwise failed to avoid harm.

10. To the extent the EEOC, Debbie Berntsen and Lorrie Haskins seek punitive damages, Defendants had an express policy against harassment and a formal complaint procedure

DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES TO
PLAINTIFF INTERVENORS' FIRST AMENDED COMPLAINT FOR
DAMAGES - 3
(C09-5609-RBL)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

and, to the extent, if any, Debbie Berntsen and Lorrie Haskins were subjected to harassment, such harassment was beyond the scope of employment of the person or persons allegedly harassing Debbie Berntsen and Lorrie Haskins and contrary to the policies and efforts of Defendants to prevent harassment in its workplace.

11. Based on information and belief, Plaintiff-Intervenors' damages may be limited by the doctrine of after acquired evidence.

12. There is no identity of interest between Long Bell and MCFP and Long Bell did not employ Plaintiff-Intervenors.

13. In the event a judgment is rendered in favor of the Plaintiff-Intervenors, or there is compromise of this doubtful and disputed claim, Defendants are entitled to an offset for any advance payment of funds made by Defendants toward payment of the wage loss, medical expenses or other related damages of Debbie Berntsen and Lorrie Haskins.

14. Pending further discovery, the claims of Debbie Berntsen and Lorrie Haskins may be barred by the doctrines of estoppel, laches and other defenses set forth in Fed. R. Civ. P. 8(c).

15. Pending further discovery, some or all of the claims in the Complaint may be barred by appropriate statutes of limitation.

16. Pending further discovery, one or more of Plaintiff-Intervenors' claims may be subject to the defenses set forth in Fed. R. Civ. P. 12(b).

## RESERVATION OF RIGHTS

In further answer, Defendant reserves the right to add additional defenses and make further claims as may be warranted by discovery.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff-Intervenors' Complaint, Defendant prays the court for the following relief:

1. That Plaintiff-Intervenors take nothing by the Complaint and that the Complaint be dismissed with prejudice;

2. That Defendant should be awarded attorney fees, costs and expenses incurred; and,

DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES TO
PLAINTIFF INTERVENORS' FIRST AMENDED COMPLAINT FOR
DAMAGES - 4
(C09-5609-RBL)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

3.     For such other and further relief as this court may deem just and equitable.

DATED this 15th day of July, 2010.

          JACKSON LEWIS LLP

          *s/Barry Alan Johnsrud*
          Barry Alan Johnsrud, WSBA #21952
          E-mail: johnsrudb@jacksonlewis.com

          *s/Nick Beermann*
          Nick M. Beermann, WSBA #30860
          E-mail: Beermann@jackonlewis.com

          One Union Square
          600 University Street, Suite 2900
          Seattle, WA 98101
          Telephone: 206-405-0404
          Fax: 206-405-4450
          Attorneys for Defendants

DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF INTERVENORS' FIRST AMENDED COMPLAINT FOR DAMAGES - 5
(C09-5609-RBL)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

# DECLARATION OF SERVICE

The undersigned declares under penalty of perjury under the laws of the State of Washington that on this day, I electronically filed a true and accurate copy of the document to which this declaration is affixed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

<u>Attorneys for Plaintiff Equal Employment Opportunity Commission</u>

David Offen-Brown
Equal Employment Opportunity Commission
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA  94105-1260
E-mail:  david.offen-brown@eeoc.gov

Damien A. Lee, William Tamayo, John Stanley
Equal Employment Opportunity Commission
Seattle District Office
909 First Avenue, Suite 400
Seattle, WA  98104
E-mail:  damien.lee@eeoc.gov; william.tamayo@eeoc.gov;
john.stanley@eeoc.gov

<u>Attorneys for Plaintiffs in Intervention Berntsen & Haskins</u>

Scott C. G. Blankenship
Greg Wolk
The Blankenship Law Firm, P.S.
1201 Third Avenue, Suite 2880
Seattle, WA  98101
E-mail:  sblankenship@blankenshiplawfirm.com
gwolk@blankenshiplawfirm.com

And by depositing with the United States Postal Service, first class postage prepaid at Seattle, Washington, this 16th day of July, 2010, addressed to:

DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES TO
PLAINTIFF INTERVENORS' FIRST AMENDED COMPLAINT FOR
DAMAGES - 6
(C09-5609-RBL)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

<u>Attorneys for Plaintiff Equal Employment Opportunity Commission</u>

James L. Lee, Gwendolyn Y. Reams
Deputy General Counsel
Office of the General Counsel
1801 "L" Street N.W.
Washington, D.C.  230507

Dated this 16th day of July, 2010, at Seattle, Washington.

_____
Debra Turner

DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES TO
PLAINTIFF INTERVENORS' FIRST AMENDED COMPLAINT FOR
DAMAGES - 7
(C09-5609-RBL)

**Jackson Lewis LLP**
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404