THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br> v.<br><br>MASON COUNTY FOREST PRODUCTS, LLC,<br><br>    Defendant. | No. C09-5609-RBL<br><br>STIPULATION AND PROTECTIVE ORDER |
| DEBORAH BERNTSEN and LORRIE HASKINS,<br><br>    Plaintiff-Intervenors,<br><br> v.<br><br>MASON COUNTY FOREST PRODUCTS, LLC, and LONG BELL VENTURES, LLC,<br><br>    Defendant. | |

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
(Cause No. CV 08-0331 JCC)
Page i

**THE BLANKENSHIP LAW FIRM, P.S.**
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

## I.     STIPULATION

The parties hereto stipulate and agree that certain information exchanged between the parties in the discovery process should be subject to confidentiality and a stipulated protective order set forth below. Specifically, the parties seek to identify the following categories of information as "confidential" and subject to the order below. The grounds upon which the parties agree that a protective order is needed are stated in the Declaration of Karissa Aleskus, and the Declaration(s) submitted by Plaintiff-Intervenor counsel, if any, in support of this stipulated motion. The categories the parties seek to protect through the Order below are:

1.     <u>Payroll Records of the Plaintiff-Intervenors.</u>  Plaintiff-Intervenors objected to Defendant Mason County Forest Products' ("MCFP") request for such information on grounds of privacy. The parties agree and stipulate that payroll records of the Plaintiff-Intervenors may be deemed confidential as such records reflect personal financial information related to the Plaintiff-Intervenors not available to the public and should therefore be subject to the order below.

2.     <u>Tax Returns of Plaintiff-Intervenors.</u>  Plaintiff-Intervenors objected to MCFP's request for such information on grounds of privacy. The parties agree and stipulate that payroll Plaintiff-Intervenors' tax returns may be deemed confidential because such records contain private information not available to the general public. Therefore this category of documents should be subject to the order below.

3.     <u>The personnel files of non-party employees of MCFP</u>. MCFP objected to Plaintiff-Intervenors' request to produce the personnel files of non-party employees on grounds that it violates those employees' rights to privacy. Defendants also assert that such personnel files contain multiple documents that include private and personal information, including information subject to redaction if filed in the Western District and as such, impinges on the rights and expectations of those employees who do not expect their personnel files to be subject to a broad disclosure. Specifically sought to be protected as confidential in personnel files of non-party Defendants' employees are documents including, but not limited to: health records, insurance applications, payroll records, accident reports, workers compensation

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
(Cause No. CV 08-0331 JCC)
Page 1

**THE BLANKENSHIP LAW FIRM, P.S.**
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

data, personal information such as past job history, past salary, salary or other pay adjustments, bonus information, disciplinary information, any other medical information or and information related to leaves taken for medical or private personal reasons.  The parties stipulate that the production of those portions of personnel records subject to the definition in this paragraph may be deemed confidential according to the order below.

4. <u>Quarterly and Annual Financial Reports of Defendants, e.g., documents Bates Numbered MC00221-248.</u>  MCFP objected to Plaintiff-Intervenors' request to produce the quarterly and annual financial records of Defendant MCFP on grounds that doing so would require it to produce confidential and proprietary information that is not available to the public or cannot be derived from publicly available information and which should be protected from public disclosure to preserve MCFP's ability to compete.  Defendants assert that disclosure of such information would cause competitors of Defendants to derive business information such as gross sales volumes, expenses, profit margins and other price structures.  Defendants further assert that a competitor could use such information to compete and harm Defendants.  Defendants state that such information is normally provided only to accountants and employees on a business need to know basis and is subject to other protections.  Defendants believe that such financial information about a non-public company with competitors in the sawmill industry could substantially harm Defendants' competitive position in the industry if disclosed in this litigation.  The parties stipulate that the production of any such financial records of Defendants may be deemed confidential according to the order below.

Recognizing that the parties may seek discovery of the categories set forth above and other information that may be designated confidential or that each party deems is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure, the undersigned parties stipulate to the following protective order and agree to be bound by it.

Furthermore, the parties understand and agree that any waiver or deemed waiver of confidentiality that may be raised through the parties' agreement in this stipulation and order does not waive any party's right to raise any other objection in the course of this litigation, or file documents the other party stamped

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
(Cause No. CV 08-0331 JCC)
Page 2

**THE BLANKENSHIP LAW FIRM, P.S.**
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington  98101
(206) 343-2700

confidential if necessary to respond to a motion or file a motion seeking relief as long a so the challenging party complies with procedures set forth in the proposed order to challenge a designation of confidentiality.

**IT IS SO STIPULATED.**

Respectfully submitted this 5th day of August 2010.

By: s/Scott Blankenship
    Scott C.G. Blankenship WSBA #21431
    Greg Wolk WSBA #28946
    The Blankenship Law Firm, P.S.
    1201 Third Avenue, Suite 2880
    Seattle, WA 98101
    Phone: (206) 343-2700
    Fax: (206) 343-2704
    sblankenship@blankenshiplawfirm.com
    gwolk@blankenshiplawfirm.com
    Attorneys for Plaintiff-Intervenors

By: s/ Damien Lee
    Damien Lee
    U.S. Equal Employment Opportunity Commission
    Seattle District Office
    909 First Avenue, Suite 400
    Seattle, WA 98104
    Phone: (206) 220-6916
    Damien.lee@eeoc.gov
    Attorneys for Plaintiff EEOC

By: s/ Nick Beermann
    Barry Alan Johnsrud, WSBA #21952
    Nick M. Beermann, WSBA #30860
    Jackson Lewis, LLP
    One Union Square
    600 University Street, Suite 2900
    Seattlee, WA 98101
    Phone: (206) 405-0404
    Fax: (206) 405-4450
    johnsrudb@jacksonlewis.com
    beermann@jacksonlewis.com
    Attorneys for Defendants

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
(Cause No. CV 08-0331 JCC)
Page 3

**THE BLANKENSHIP LAW FIRM, P.S.**
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

## II.     PROTECTIVE ORDER

It is hereby ORDERED as follows:

1.     **Scope and Purpose of this Order**:  This Protective Order shall govern the designation and handling of protected documents produced by any party in discovery in this litigation, whether by voluntary production or disclosure or in response to any formal discovery procedure, including designation and handling of nonpublic information of a confidential nature.  This Protective Order does not affect any party's obligations under the Federal Rules of Civil Procedure to produce documents as required by the rules of discovery or an order of the Court.  The purpose of this Protective Order is to facilitate the handling of nonpublic information of a confidential or proprietary nature.  Non-public information of a confidential or proprietary nature is limited to information that has been maintained in a manner reasonably calculated to preserve its confidentiality and the public disclosure of such information would likely cause irreparable harm to a party or person owing to annoyance, embarrassment, oppression, or undue burden or expense.

If a designating party files a "confidential" document (defined below) in court and does not attempt to file it under seal, or if a document is otherwise already part of the public record as of the entry of this Order, the document(s) in question will not be subject to this protective order.  The mere filing of the "confidential" document by the non-designating party does not remove the document from the protection of this order.  If a non-designating party files a document marked "confidential" by the non-filing party, the non-filing party may seek appropriate relief from the court to ensure protection under this order.

2. **"Confidential Information"** means documents or testimony designated by a party that fall into one of these categories:

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
(Cause No. CV 08-0331 JCC)
Page 4

THE BLANKENSHIP LAW FIRM, P.S.
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington  98101
(206) 343-2700

a.  Payroll information pertaining to any current or former employee of Defendants that contains information related to a person's private life. Such details include compensation, home address and telephone number, date of birth, social insurance number, age, and names of minors.

b.  Tax Returns of Plaintiff-Intervenors;

c.  Portions of personnel records pertaining to any current or former employee of Defendants that contain personal or financial information, including any non-public personal information about non-party current or former employees, such as financial, family or disciplinary records, *e.g.*, document nos. MC00249-00338;

d.  Medical records and healthcare information pertaining to any current or former of Defendants.

e.  Financial reports or confidential financial documents of Defendants or pertaining to Defendants, *e.g.*, document nos. MC00221-248.

f.  Trade secrets pertaining to MCFP or to any current or former employee of MCFP as defined by RCW 19.108.010(4).

g.  If other documents not specifically addressed above are determined by the parties to be confidential and the designating party provides a written statement of the grounds upon which good cause exists to so designate the documents, the terms of this Stipulated Protective Order will apply to such documents provided that the protected documents are appropriately designated under the terms of this Protective Order by the producing party.

3.  **Standard for Protected Documents**: Any person who is required to produce documents or information in discovery in this litigation may designate material produced as a protected document(s) pursuant to this Protective Order. All designations must be based on the good faith belief that the information falls within the categories listed in § 2 "Confidential Information."

STIPULATION AND [PROPOSED] PROTECTIVE ORDER  
(Cause No. CV 08-0331 JCC)  
Page 5

**THE BLANKENSHIP LAW FIRM, P.S.**  
28th Floor, Washington Mutual Tower  
1201 Third Avenue  
Seattle, Washington 98101  
(206) 343-2700

4. **Protected Documents**: Protected document(s) are those documents containing Confidential Information, marked "CONFIDENTIAL" by any party which meet the standard for protected documents set forth in § 3. These documents, referred to hereinafter as "protected documents," will be covered by this Protective Order and will be used only for the purposes of this case, and will not be used by any party or his or her counsel for any purpose unrelated to this case.

5. **Designating Protected Documents**:

a. **Marking Protected Documents**: Protected documents shall be designated as confidential by affixing to them the legend "CONFIDENTIAL" in a size and location that makes the designation readily apparent, preferably in the lower right hand corner.

b. **Designating Deposition Testimony**: Any party who has designated a document as protected pursuant to § 2 of this Protective Order may designate testimony concerning that document as "Confidential Information" at a deposition by making a statement to that effect on the record at the deposition or other proceeding or within ten (10) business days after receipt of the transcript of deposition or other proceeding by counsel. When Confidential Information is designated on the record at a deposition, the party claiming the testimony is confidential shall make arrangements with the court reporter taking and transcribing such proceeding to label each page containing the testimony with the designation "Confidential" and all counsel and parties shall treat pages of testimony so designated as a protected document and the testimony itself as Confidential Information to the extent information so designated is discussed or cited in motion practice, subject to the provisions of § 9 below. The party asserting that certain testimony is confidential shall bear the costs and fees imposed by the court reporter(s) associated with designating such testimony confidential.

c. **Subsequent Designation**: If a party discovers that, through inadvertence, documents containing Confidential Information have been provided to the opposing party without being properly designated under this Order, the producing party shall promptly notify the receiving party in writing of the error. The notification shall include an identification of the documents or information (by control number or some other specific form of identification), and the receiving party shall affix a stamp

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
(Cause No. CV 08-0331 JCC)
Page 6

**THE BLANKENSHIP LAW FIRM, P.S.**
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

identifying each document or item of information so identified as "CONFIDENTIAL" within ten (10) days of the production unless the parties agree that some other procedure for remedying the inadvertence is more appropriate under the circumstances. Failure to make this designation timely will require a discovery conference and the agreement of the parties. Nothing, however, prevents a designating party from seeking relief from the Court.

6. **Maintaining Designated Protected Documents**: Any protected document must be maintained in a manner reasonably calculated to preserve its confidentiality.

7. **Disclosure of Protected Documents**:

a. Except as set forth herein or by any subsequent court order, no protected documents shall be delivered, exhibited, or disclosed to any persons unless done in a manner in compliance with this Protective Order.

b. The parties' counsel shall require all persons, except those referred to in § 7(c), before being given access to any protected document, to read and agree to be bound by this Protective Order by endorsing the certification attached as Exhibit A. Counsel shall retain this certification.

c. Protected documents may be delivered, exhibited, or disclosed to the following persons subject to the limitations of this Protective Order:

   i. Counsel representing the named parties in this case and any paralegal, clerical, or other employee of such counsel assisting in the prosecution or defense of this litigation;

   ii. Any copying services hired by counsel to copy documents in bulk;

   iii. The court or any court personnel;

   iv. Any person testifying or attending a deposition;

   v. Any person identified as having authored or having previously received the protected document(s);

   vi. The parties and their client representatives, insurance carriers, and/or counsel for their insurance carriers for any purpose in this litigation;

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
(Cause No. CV 08-0331 JCC)
Page 7

**THE BLANKENSHIP LAW FIRM, P.S.**
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

        vii.      Former employees or agents of Defendants, their parents, subsidiaries, affiliates, or other entities who share a substantial ownership with Defendants, to the extent directly related to such former employee or agent's previous duties for Defendants;

        viii.      Mediator(s) retained by the parties;

        ix.      Consulting experts or expert witnesses; or

        x.      Any other individuals by whom the review of such information is reasonably necessary to the presentation or defense of claims in this litigation by a party.

    d.    A party that files with the Court materials designated as Confidential Information or any pleading or memorandum purporting to reproduce such information, and who seeks to have the record containing such information sealed, shall submit to the Court a motion to seal, pursuant to Local Civil Rule 5(g).  A party that files with the Court materials designated as Confidential Information by another party or non-party or any pleading or memorandum purporting to reproduce such information, and who does not seek to have the record containing such information sealed, shall submit the materials pursuant to the lodging-under-seal provision of Local Civil Rule 5.  Any affected party or non-party may then file a motion to seal, pursuant to Local Civil Rule 5 within ten business days after such lodging.  Documents lodged pursuant to Local Civil Rule 5 shall bear a legend stating that such materials shall be unsealed upon the expiration of ten business days, absent the filing of a motion to seal pursuant to Local Civil Rule 5 or Court Order. The parties will address confidentiality issues pertaining to trial at the parties' pretrial conference.

    e.    This Protective Order does not apply to information obtained by or made available to any such person by means other than the discovery provisions of the Federal Rules of Civil Procedure, and except for good cause shown, such information need not be filed under seal when submitted to the Court.

    8.    **Producing Party's Use of Protected Documents**:  Nothing in this Protective Order limits a producing party's use of its own documents or documents obtained through means other than discovery requests or subpoenas in this litigation such as, without limitation, pre-litigation disclosures between and

STIPULATION AND [PROPOSED] PROTECTIVE ORDER  
(Cause No. CV 08-0331 JCC)  
Page 8

**THE BLANKENSHIP LAW FIRM, P.S.**  
28th Floor, Washington Mutual Tower  
1201 Third Avenue  
Seattle, Washington  98101  
(206) 343-2700

among the parties. Such disclosures shall not affect any confidential designation made under the terms of this Protective Order.

9.  **Disputes as to Confidentiality Designation**:

a.  **Meet and Confer Requirement:** The parties agree to designate information as "Confidential" on a good faith basis and not for purposes of harassing the receiving party's access to information concerning the lawsuit. If any party believes that a document, tangible item or other information that has been designated as Confidential is not entitled to be treated as Confidential, the party will notify the designating party of its objection to the Confidential designation. The parties shall meet and confer in an attempt to reach an agreement regarding the confidential status of the document, tangible item or information within five (5) calendar days after the objecting party has advised the designating party of its objection.

b.  **Motion for Protective Order:** If the dispute is not resolved, and if the objecting party notifies the designating party in writing of its intent to disclose the information as well as the person and/or entity to whom it intends to make such disclosure, then the designating party shall have five (5) calendar days after receipt of such written notification to file a motion to have the document or information treated as Confidential; if such motion is not timely filed, then the objecting party may, for purposes of this case only, make the indicated disclosure.

c.  **Status Pending Resolution of Dispute**: Any disputed document or other material must be treated as a protected document under this Protective Order until entry of a court order ruling otherwise or until the expiration of the five (5) calendar days notice after a party objecting to a designation of confidentiality, as in § 9.b, if the designating party does not move for a protective order or move to seal the document at issue. If a motion is pending that the opposing party believes requires it to file document(s) that it believes have been improperly marked as Confidential by the moving party, then the moving party is obliged to renote the motion to accommodate the above schedule to resolve the dispute prior to the opposing party's need to file such disputed documents.

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
(Cause No. CV 08-0331 JCC)
Page 9

**THE BLANKENSHIP LAW FIRM, P.S.**
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

10. **Rights of Parties**: This Protective Order is without prejudice to the right of any party to apply to the Court for any further protective order relating to any confidential information or for an order permitting disclosure of any confidential information beyond the terms of this Protective Order.

11. **Upon Case Completion**: This section only applies to the private litigants. When this action, including entry of judgment or appeal, concludes and within 60 days after the litigation has been finally terminated, a producing party may request the return or destruction of all protected documents produced in this litigation, except those filed with the Court or agreed by the parties to be retained for purposes of effectuating any judgment or any documents that counsel for either party chooses to maintain as part of the client file for a period of time counsel for either party reasonably believes is appropriate. The protected documents are still subject to the Protective Order with special attention to paragraph 1. Notwithstanding the foregoing, nothing in this order shall be interpreted as limiting or overriding the EEOC's obligation to maintain copies of files pursuant to the Federal Records Act.

DONE IN OPEN COURT this 7th day of August, 2010.

*[signature]*
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

Presented by:

By: s/ Scott Blankenship
    Scott C.G. Blankenship WSBA #21431
    Greg Wolk WSBA #28946
    The Blankenship Law Firm, P.S.
    1201 Third Avenue, Suite 2880
    Seattle, WA 98101
    Phone: (206) 343-2700
    Fax: (206) 343-2704
    sblankenship@blankenshiplawfirm.com
    gwolk@blankenshiplawfirm.com
    Attorneys for Plaintiff-Intervenors

By: s/ Damien Lee
    Damien A. Lee
    U.S. Equal Employment Opportunity Commission
    Seattle District Office
    909 First Avenue, Suite 400
    Seattle, WA 98104
    Phone: (206) 220-6916
    Damien.lee@eeoc.gov
    Attorneys for Plaintiff EEOC

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
(Cause No. CV 08-0331 JCC)
Page 10

THE BLANKENSHIP LAW FIRM, P.S.
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

By: s/ Nick Beermann
    Barry Alan Johnsrud, WSBA #21952
    Nick M. Beermann, WSBA #30860
    Jackson Lewis, LLP
    One Union Square
    600 University Street, Suite 2900
    Seattlee, WA 98101
    Phone:  (206) 405-0404
    Fax:  (206) 405-4450
    johnsrudb@jacksonlewis.com
    beermann@jacksonlewis.com
    Attorneys for Defendants

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
(Cause No. CV 08-0331 JCC)
Page 11

THE BLANKENSHIP LAW FIRM, P.S.
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington  98101
(206) 343-2700

**Exhibit A**

I, _____, certify that I have received and read a copy of the Protective Order in *EEOC et al. v. Mason County Forest Prods., LLC,.,* United States District Court, Western District of Washington, Cause No. 09-5609-RBL.  I agree to be bound by it.  I further understand that any protected document and any notes, memoranda or other form of information derived from it, may not be used, copied or disclosed by me to anyone else except in strict accordance with the Stipulated Protective Order and then only for the prosecution and defense of this litigation.

Dated this \_\_\_ day of _____, 2010\_\_, in _____, Washington.

_____

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
(Cause No. CV 08-0331 JCC)
Page 12

THE BLANKENSHIP LAW FIRM, P.S.
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington  98101
(206) 343-2700